*James W. Jauncey et al,* appellants v. *Herman Thorn et al,* rej spondents. J. C. SPENCER & GEO. WOOD, for appellants ; GEO. GRIFFIN & D. LORD, for respondents. Appeal from a decision of circuit judge of the first circuit, affirming the sentence and decree of the Surrogate of New York admitting the will of William Jauncey deceased to probate as a valid will of real estate, and allowing it to be recorded. The will was made, and the testator died previous to the revised statutes; but the will was proved before the surrogate after January 1st, 1830 and before the passage of the act of May 1837 (Laws of 1837 p. 524.)

The chancellor held that the formalities requisite to the due execution of the will were those which were required by the 2d section of the act of March 5th, 1813 concerning wills (1 R. L. of 1813 p 364.) But that the mode of proof must be that which was prescribed by the provisions of the revised statutes in force when the will was propounded for probate in 1835.

It was insisted by the counsel for the appellants that in a proceeding before a surrogate to prove a will of real estate, under the provisions of the revised statutes, all the witnesses to the will who are living in the state, and of sound mind, must not only be produced and examined, but that they must corroborate each other as to the facts necessary to a valid execution of the will. In other words, that each witness must be able to show that all the requisites of the statute in force at the execution of the will were complied with. And that for the want of this concurrence on the part of the witnesses the will in this case was improperly admitted to probate.

**Wills of real estate, how to be proved.** But the chancellor decided that it is not necessary that all the subscribing witnesses should testify to the due execution of the will, and that the testator was of sound and disposing mind and memory at the time of the execution thereof. That where there is an infirmity in the recollctions of the attesting witnesses, as to what took place at the time of the execution of a will, the court will not require positive and affirmative evidence that all the formalities required by the statute were complied with, but will look to all the circumstances of the case in forming its conclusions of fact on that subject.

Also held that it was necessary the attesting witnesses to a will should see the testator, or some one for him, sign the instrument which they are called upon to witness; or the testator should either say or do something in their presence or hearing indicating that he intends to recognize such instrument or paper as one which has been thus signed by him, or upon which his name appears, as a valid will, or as having been signed by his authority for the purposes therein expressed. But that it is not necessary the testator should in terms declare that his name signed to the will was so signed by his authority and direction and in his presence. But the production of the will with his name subscribed to it and in such way that such signature could be seen by the attesting witnesses, and requesting them to witness the execution of the instrument by him, or as his will, would of itself be a sufficient acknowledgment of his signature to render the will valid.

Order appealed from affirmed with costs.